SEMON BACHE & Co. *v.* UNITED STATES (No. 3163)[1]

[1] T. D. 43741.

United States Court of Customs and Patent Appeals, November 25, 1929

*Jerome G. Clifford* for appellants.

*Charles D. Lawrence*, Assistant Attorney General (Kenneth G. Osborn, special attorney, of counsel), for the United States.

[Submitted on briefs October 18, 1929]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding that certain glass exit signs were properly assessed for duty by the collector at 60 per centum ad valorem under paragraph 218 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 218. * * * all glassware commercially known as plated or cased glass, composed of two or more layers of clear, opaque, colored, or semitranslucent glass, or combinations of the same, 60 per centum ad valorem; * * *

The merchandise consists of glass exit signs, ruby in color, with the word "exit" in large white letters. The signs are used in theaters and other public buildings to indicate the location of doors or stairways leading to the outside.

According to the witness, Isadore Sobel, who testified for appellants, the glass from which the articles in question are manufactured is made as follows:

The molten mass is blown on a blowpipe, and after this has been extended for a certain distance the same blowpipe with the crystal glass on it is dipped into a ruby pot, which is usually placed alongside the crystal pot, and the blowing in the cylinder is continued until it is of the proper size. After that operation is completed the cylinder is broken off the blowpipe, placed in the oven, a diamond slipped through the center of the cylinder, the glass is flattened out, and you have colored sheet glass as represented by the sample Exhibit 1, excepting that the word "exit" is a further operation.

The back of the glass is frosted or ground and the word "exit" is "sand blasted or etched in the glass, removing the ruby color wherever it is sand blasted or etched."

Counsel for the importers contends that the merchandise is dutiable, alternatively, as unpolished cylinder, crown, or sheet glass under paragraph 219, as cylinder, crown, or sheet glass, by whatever process made, sanded, flashed, or colored under paragraph 224, as a manufacture of glass under paragraph 230, or as articles of glass, colored, cut, engraved, or etched under paragraph 218; that it is

not composed of two or more layers of glass; and that it is not commercially known as plated or cased *glassware*.

The paragraphs read as follows:

PAR. 219. Cylinder, crown, and sheet glass, by whatever process made, and for whatever purpose used, unpolished, not exceeding one hundred and fifty square inches, 1¼ cents per pound; * * *

PAR. 224. Cast polished plate glass, silvered or unsilvered, and cylinder, crown, and sheet glass, by whatever process made, silvered or unsilvered, polished or unpolished, when bent, ground, obscured, frosted, sanded, enameled, beveled, etched, embossed, engraved, flashed, stained, colored, painted, ornamented, or decorated, shall be subject to a duty of 5 per centum ad valorem in addition to the rates otherwise chargeable thereon.

PAR. 230. * * * and all glass or manufactures of glass or paste, or of which glass or paste is the component material of chief value, not specially provided for, 50 per centum ad valorem.

PAR. 218. * * * all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 55 per centum ad valorem; * * *

It appears from the record that counsel for appellants has attempted to establish that the articles in question are not composed of two or more layers of glass; that the term "cased glassware" has a definite, uniform, and general meaning in the trade and commerce of the United States; that the trade designates hollow ware, i. e., bowls, vases, etc., composed of two or more layers of glass, "cased glassware"; and that flat glassware, such as the merchandise involved, is not so designated. The testimony of some of the witnesses for appellants tends to establish each of these propositions. Three of appellants' witnesses testified that the articles in question were composed of two layers of glass—one crystal and the other ruby; two had never heard of the term "cased glassware"; one testified that the exit signs were not commercially known as cased glass, while another testified that they were so known in the trade and commerce of the United States. All of these witnesses testified that the exit signs were known as flashed glass; and one testified that the terms "flashed glass" and "cased glass" had the same meaning in the trade and were used interchangeably.

Some of the witnesses for the Government testified that the articles in question were known commercially as cased glassware; that the terms "flashed glass" and "cased glass" were used interchangeably in the trade; and that the glass exit signs were composed of two layers of glass—one crystal and the other ruby. One of the Government's witnesses testified that the exit signs were known in the trade as cased glass.

Upon this record the court below, in an elaborate opinion by Sullivan, Justice, held that the articles in question were dutiable as "glassware commercially known as cased glass" under paragraph 218, and, accordingly, overruled the protests.

It clearly appears from the record, we think, that the merchandise consists of finished articles composed of two layers of glass.

The statute in question provides for "all glassware commercially known as plated or cased *glass*, composed of two or more layers of clear, opaque, colored, or semitranslucent glass, or combinations of the same." (Italics ours.) It will be observed that the paragraph does not provide for all articles commercially known as plated or cased glassware. If such were the case, it would be immaterial whether the articles were made of plated or cased glass, if, as a matter of fact, they were definitely, uniformly, and generally known and designated in the trade as "plated" or "cased" glassware. *Lamont, Corliss & Co. et al.* v. *United States*, 16 Ct. Cust. Appls. 488, 496, T. D. 43224. The Congress, however, while its purpose may not be clearly expressed, evidently intended to provide in the paragraph for all glassware composed of two or more layers of clear, opaque, colored, or semitranslucent glass commercially known either as plated or cased glass. The provisions are new in tariff legislation.

We have studied the evidence in this case with care. It is contradictory and confusing. It may be that articles composed of glass of the character of that involved were not intended to be included within the cased-glass provisions of paragraph 218, *supra*. However, the court below has found to the contrary, and we are unable to say that its decision is against the weight of the evidence. The judgment is, therefore, *affirmed*.